UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD BOUHAMDAN,

    Plaintiff,

v.                                                             Case No. 07-13976
                                                                 Honorable Patrick J. Duggan

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICE,

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_February 8, 2008.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Mohamad Bouhamdan ("Plaintiff") commenced this action in response to Defendant's delay in processing his application for naturalization. Presently before the Court is Defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to remand this matter to the United States Citizenship and Immigration Service ("CIS") for a determination on Plaintiff's naturalization application. On January 15, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendant's motion. *See* E.D. Mich. LR 7.1(e)(2).

I.  **Factual Background**

Plaintiff, a citizen of Lebanon and lawfully admitted to the United States for permanent residence, filed an application for naturalization on May 30, 2003.  Almost one year later, on April 26, 2004, Plaintiff appeared at the Detroit CIS for an interview in connection with his naturalization application.  (Compl. at pg. 1; *see also* Dft.'s Mot. Ex. A, Decl. of Douglas A. Pierce (hereinafter "Pierce Decl.") ¶ 6.)  That same day, Plaintiff was informed that he passed the English basic, United states history, and United States government proficiency examinations.  (*See* Naturalization Interview Results attached to Compl.)  Although CIS submitted Plaintiff's name check request to the FBI on or about May 26, 2004, CIS, as of November 29, 2007, has not received the results of Plaintiff's name check from the FBI.  (Pierce Decl. ¶ 9.)

Plaintiff has contacted CIS on at least one occasion, and he was informed that his name check is still pending.  (*See* 12/10/04 Letter from CIS attached to Compl.)  In response to CIS' continued delay in adjudicating his naturalization application, Plaintiff commenced this lawsuit on September 20, 2007.  Defendant filed the pending motion on December 3, 2007.  Plaintiff has not responded to Defendant's motion and the time to file a response has expired.  *See* E.D. Mich. LR 7.1(d)(1)(B).

II. **Defendant's Motion to Dismiss**

   A.  **Failure to State a Claim**

Defendant first contends that Plaintiff's complaint should be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A motion to dismiss pursuant to Rule 12(b)(6) tests the

sufficiency of a complaint. In deciding such a motion, this "Court must construe the complaint in a manner most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007)(quoting *Bell Atlantic v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006).

Defendant contends that Plaintiff's complaint does not request any damages, declaratory, or injunctive relief, and thus, it must be dismissed for failure to state a claim for which relief can be granted. As Defendant points out, Plaintiff's complaint alleges that he is "trying to get [his] message across" and that he has "never did anything wrong." (Compl. at pg. 2.)

Plaintiff is proceeding *pro se*; therefore, this Court must construe his complaint under "an especially liberal standard." *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). In this Court's opinion, the type of relief Plaintiff is seeking is apparent from Plaintiff's complaint and its attachments. For example, Plaintiff has attached his N-400 Application for Naturalization ("Application"), a letter dated December 10, 2004 from CIS informing Plaintiff that his Application is on hold pending a security background check, and his Naturalization Interview Results. (*See* Compl. attachments.) Indeed, Defendant understood Plaintiff's complaint to assert a claim pursuant to 8 U.S.C. §

3

1447(b), as they argue that this Court lacks subject matter jurisdiction under that statutory provision.  Therefore, the Court will deny Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).

B.  **Lack of Subject Matter Jurisdiction**

Defendant also moves to dismiss pursuant to Rule 12(b)(1), arguing that dismissal of Plaintiff's complaint is warranted based on the lack of subject matter jurisdiction. Specifically, Defendant contends that 8 U.S.C. § 1447(b) confers subject matter jurisdiction upon a district court only after the FBI completes an applicant's background check.  Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the *examination* is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b)(emphasis added).  Defendant asserts that the "examination" referred to in Section 1447(b) "is complete when all the information required for a naturalization decision to be made is gathered," including the FBI's security name check.  (Dft.'s Br. at 9.)  Thus, argues Defendant, the 120-day period does not begin to run until the FBI completes its security name check.

In support of its argument, Defendant relies on the language and purported purpose of Section 1447, and decisions in which courts have held the initial interview "is merely a

4

part of the overall examination process, as is the review of plaintiff's FBI background investigation . . . ."[1] *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005); *see also Martinez v. Gonzales*, 463 F. Supp. 2d 569, 572-73 (E.D. Va. 2006)(holding that "the interview was merely one part of the examination process, as is the FBI background check"); *Kassemi v. Dep't of Homeland Sec.*, No. 06-1010, 2006 U.S. Dist. LEXIS 74516, at *5, 2006 WL 2938819 (D.N.J. Oct. 13, 2006)(same); *Walji v. Gonzales*, No. 06-1163, 2006 U.S. Dist. LEXIS 95931, at * 14 (S.D. Tex. Oct. 6, 2006)(same); *Damra v. Chertoff*, No. 05-0929, 2006 U.S. Dist. LEXIS 45563, at *9, 2006 WL 1786246 (N.D. Ohio June 23, 2006)(same).

The majority of courts, including every court in this district that has been faced with the issue, have concluded that "examination" refers to the initial interview of an applicant, and thus, if 120 days have passed since the applicant's initial interview, it is proper to exercise subject matter jurisdiction pursuant to Section 1447(b). *See Walji v. Gonzales*, 500 F.3d 432, 435 n.5 (5th Cir. 2007)(collecting cases); *see also Eloubaidy*, No. 07-11045, 2007 WL 2332477, 2007 U.S. Dist. LEXIS 59623, at *7 n.4 (E.D. Mich. Aug. 15, 2007)(collecting Eastern District of Michigan cases). On four separate

---

[1] In addition, Defendant contends that their interpretation of the statute is reasonable, and thus, it is entitled to *Chevron* deference. (Dfts.' Br. 14-16.) Recently, this Court rejected an identical argument. *Al-Mohammed v. USCIS*, 07-10732, 2007 WL 2004866, 2007 U.S. Dist. LEXIS 49174 (E.D. Mich. July 9, 2007). In doing so, the Court stated that "[u]nder *Chevron*, courts must 'defer to an agency's reasonable interpretation of a statute it administer[s] unless 'the intent of Congress is clear.'" 2007 U.S. Dist. LEXIS 49174, at *4 n.2 (quoting *Hamama v. INS*, 78 F.3d 233, 239 (6th Cir. 1996)). Because this Court, as it did in *Al-Mohammed*, continues to believe that the intent of Congress is clear, Defendant's interpretation is not entitled to *Chevron* deference. *See id.*

occasions, this Court has followed the majority of courts in concluding "that the initial interview of the naturalization applicant triggers the 120-day period set forth in Section 1447(b)." *Alkabi v. USCIS*, No.07-13540, 2007 WL 4465251, 2007 U.S. Dist. LEXIS 92593 (E.D. Mich. Dec. 18, 2007); *Eloubaidy*, 2007 U.S. Dist. LEXIS 59623; *Al-Mohammed*, 2007 U.S. Dist. LEXIS 49174; *Al Saleh v. USCIS*, No. 06-13372, 2007 WL 925693, 2007 U.S. Dist. LEXIS 22171 (E.D. Mich. Mar. 28, 2007). In *Alkabi*, this Court rejected the exact same arguments Defendant is making in this case. Specifically, this Court stated:

> First, Section 1447(b) confers jurisdiction on the district court if the agency fails to make a determination "before the end of the 120-day period after the *date* on which the examination is *conducted*." 8 U.S.C. § 1447(b) (emphasis added). This language implies "that the examination occurs on a particular, identifiable, date." Therefore, the "examination" referred to in the statute is not a "process," as CIS argues, because a "'process' does not occur on one particular identifiable date." *El-Daour* [*v. Chertoff*, 417 F. Supp. 2d 679, 681 (W.D. Pa. 2006).] Second, the preceding section of the INA, 8 U.S.C. § 1446, indicates that the investigative process is separate from the examination. *Daami v. Gonzales*, No. 05-3667, 2006 WL 1457862, at *5 (D.N.J. May 22, 2006) (unpublished opinion). Third, CIS' regulations contemplate a distinction between the examination and the investigation and reflect the agency's interpretation that the 120-day period in Section 1447(b) begins to run from the date of the initial examination. *Khelifa* [*v. Chertoff*, 433 F. Supp. 2d 836, 841 (E.D. Mich. 2006).] For example, 8 C.F.R. § 335.3(a) states in part: "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2." And, contrary to the *Danilov* court's reading, 8 C.F.R. § 335.2(b) requires CIS to conduct the initial examination *only after* the FBI completes its criminal background check of the applicant. "By referring separately

6

> to the FBI background check and the 'initial examination,'
> and mandating that the former must be completed before the
> latter will be conducted, this provision plainly contemplates
> that the background check is independent from, as to a part of,
> the "examination" . . .". *Khelifa*, 433 F. Supp. 2d at 841. In
> one recent case, *Al-Ghanem v. Gonzales*, No. 06-320, 2007
> WL 446047, slip op. at *10 n. 13 (D. Utah Feb. 7, 2007), CIS
> acknowledged that 8 C.F.R. § 335.2(b) requires CIS to
> conduct the initial examination only *after* the FBI completes
> its criminal background check of the applicant.

*Alkabi*, 2007 U.S. Dist. LEXIS 92593, at *5-7. For these same reasons, the Court rejects Defendant's interpretation here. Therefore, the Court concludes that Plaintiff's initial interview on April 26, 2004, triggered the 120-day period set forth in Section 1447(b). Because Plaintiff's initial interview occurred more than 120 days before he filed his complaint, the Court holds that it has subject matter jurisdiction to adjudicate his claims. Thus, Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

### III. **Defendant's Motion to Remand**

The majority of courts described above, while deciding to exercise subject matter jurisdiction, declined to determine the propriety of the application, finding that remanding the matter to the CIS for prompt resolution is the more appropriate course of action. *See, e.g., Al-Mohammed*, 2007 U.S. Dist. LEXIS 49174, at *8 (collecting cases). In remanding the matter to the CIS for prompt resolution, these courts recognize their lack of expertise and the lack of information available to assess whether the plaintiff satisfied the various criteria for naturalization. *See Khelfia*, 433 F. Supp. 2d at 844. As stated by one district court, "the FBI criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources

necessary to ensure a thorough investigation prior to the giving of the naturalization oath." *Essa v. USCIS*, No. 05-1449, 2005 WL 3440827, 2005 U.S. Dist. LEXIS 38803, at *7-8 (D. Minn. Dec. 14, 2005).

This Court believes, as it did in *Alkabi*, *Eloubaidy*, *Al-Mohammed*, and *Al Saleh*, that remand of Plaintiff's naturalization application to CIS is also appropriate in this case. Although Defendant argues that if this Court grants its motion to remand, it should do so without setting a date certain for the determination of Plaintiff's naturalization application, this Court declines to deviate from its prior practice of directing CIS to render a decision on the application within 120 days of the date of this Opinion and Order. *See Alkabi*, 2007 U.S. Dist. LEXIS 92593, at *9-10 (explaining why imposing a deadline is appropriate). Accordingly, this Court remands Plaintiff's naturalization application to CIS to make a decision on the application and directs CIS to render its decision within 120 days of the date of this Opinion and Order.

Accordingly,

**IT IS ORDERED** that Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion is **DENIED** to the extent that it requests dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion **GRANTED** to the extent that it requests a remand Plaintiff's complaint to CIS.

**IT IS FURTHER ORDERED** that CIS make a decision on Plaintiff's naturalization application within 120 days of the date of this Opinion and Order.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Mohamad Bouhamdan
7708 Bingham Street
Dearborn, MI 48126

Steven P. Cares, AUSA